**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MARTIN S. MALINOU, | ) | |
| | ) | |
| Debtor-Appellant, | ) | |
| | ) | |
| V. | ) | C.A. No. 07-139S |
| | ) | |
| SEATTLE SAVINGS BANK, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

**APPELLEE'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

## I. INTRODUCTION

The within cause of action is an appeal from the United States Bankruptcy Court's Order denying, with prejudice, Appellant's confirmation of a Chapter 13 plan. The Appellant's Notice of Appeal was docketed in this matter on April 16, 2007. A Designation of Record was timely docketed on May 11, 2007. On May 11, 2007 Judge William E. Smith of the United States District Court issued an Order whereby the parties were to follow deadlines set forth in Rule 8009 with respect to the timely filing of briefs. On May 14, 2007 said Order was docketed by the clerk, Doreen Baldinelli.

Rule 8009 of the Federal Rules of Bankruptcy Procedure provides in pertinent part that:

(a) Unless the district court of the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits:

(1) The appellant shall serve and file his brief within *15 days after entry of the appeal on the docket* pursuant to Rule 8007. (emphasis added)

Accordingly, Rule 8007 of the Federal Rules of Bankruptcy Procedure provides in relevant

part that:

> (b) When the record is complete for purposes of appeal, the clerk shall transmit a copy thereof forthwith to the clerk of the district court….[O]n receipt of the transmission the clerk of the district court … shall enter the appeal in the docket and give notice promptly to all parties to the judgment, order, or decree appealed from of the date on which the appeal was docketed.

As a result of the foregoing, Mr. Malinou's brief was due to be filed and served on the undersigned on May 26, 2007. The brief was not timely filed and no motion for an enlargement of time was timely filed. In this case, the record is void of any order of Court and there is no Local Rule of this court that would excuse Appellant from the timely filing of briefs or timely request for an enlargement of the time limits. Rule 8009 clearly imposes a duty upon the Appellant to serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007. *In Re Williams*, 227 B.R. 589, 595 (D.R.I. 1998). As a result of the Appellant's dilatory actions, the Appellee, Seattle Savings Bank, filed the within Motion to Dismiss the Appeal.

## II. <u>STANDARD OF REVIEW</u>

The United States District Court may act with respect to this matter under Bankruptcy Rule 8001(a) which provides that in an appeal taken as of right: "An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court … deems appropriate, which may include dismissal of the appeal." The discretion allowed district courts to sanction appellants under this rule is broad. *Id.* at 596; (citing *In re Bulic*, 997 F. 2d 299, 302 (7th Cir. 1993)); See also *In re Quevedo*, 35 B.R. 117, 120 (D.C. Puerto Rico 1983). Dismissal under Rule 8001(a) is appropriate when a failure by appellant to fulfill a procedural duty is "coupled with a finding of either prejudice to the appellee or bad faith on the part of the appellant." *Id.* (quoting *In re SB Properties, Inc.*, 185 B.R. 198, 202

(E.D. Pa. 1995)); citing also *United States Inv. & Dev. Corp. v. Cruz,* 780 F. 2d 166, 168 (1st Cir. 1986) (stating the general rule that dismissal is a proper sanction for failure to prosecute "when necessary to prevent unfair prejudice").

**III. ARGUMENT**

**A. Because Mr. Malinou's Failure to File his Brief has Prejudiced Seattle Savings, Appellant's Motion Should be Dismissed.**

Prejudice to the Appellee as a result of the failure to file a brief is an important factor to assess in making a determination as to whether or not the Appellant's Motion should be dismissed. *McKenna v. United States Trustee*, 177 B.R. 755, 757 (D.R.I. 1994) citing *Cournoyer v. Town of Lincoln*, 53 B.R. 478 at 482 (D.R.I. 1985); *In re Weisz*, 44 B.R. at 287 (E.D.N.Y. 1984). An appellant's inactivity may not cause prejudice solely in passage of time, but may prejudice the appellee by forcing them to repeatedly act to move the case along, prompting the appellant to prosecute his or her appeal. *Id*. at 758. Seattle Savings has been litigating this matter extensively for the past six years as the result of Appellant's strategically timed filings and requests for restraining orders, repeated bankruptcy filings and now four separate appeals. If Mr. Malinou wishes to continue litigation in this matter he has a profound obligation to do so in a timely and expeditious manner. [T]ime is the essence of prejudice to creditors and it is the role of the court to insure that all appeals are diligently prosecuted so as to protect creditors from any prejudice. *In re Quevedo*, 35 B.R. 117 at 120 (D.C. Puerto Rico 1983) citing *Pyramid Mobile Homes, Inc. v. Speake*, 531 F. 2d 743 (5th Cir. 1976).

**B. Appellant's Failure to Timely File his Brief Should Not Be Considered Excusable Neglect**

Any explanation for the Appellant's failure to file his brief does not satisfy the standard of excusable neglect. [S]imple inadvertence or mistake regarding the content of the rules or unfamiliarity with the rules do not qualify as excusable neglect. *McKenna* at 758; quoting *Atkinson*

*and Mullen Travel, Inc. v. Suncoast Airlines*, 121 B.R. 403 at 405 (S.D. Fla. 1990). Moreover, if Mr. Malinou had any legitimate reason for failure to timely file his brief, he should have timely requested an enlargement of time within which he was required to comply with the Order. No such request was timely made. It is inexcusable for Appellant not to take the minimal and necessary procedural step of requesting formally an extension of time from the Court for filing a brief. *In re Zarrilli*, 972 F.2d 337 (1992). To move for an extension of time is a reasonable and diligent thing to do and avoids prejudice to creditors. *In re Quevedo* 35 B.R. at 120. In addition, on June 5, 2007, Mr. Malinou served Appellee's counsel with an Emergency Motion to Stay Judgment of Foreclosure and lengthy brief in support thereof, filed with the U.S. Court of Appeals and related to this proceeding, thereby indicating that Appellant was physically able to perform legal tasks and duties in the days preceding the date set by this Court for the filing of the brief filing of said Motion. It therefore appears that Appellant chose to prepare and file pleadings in one appellate proceeding but not in this proceeding.

**C. <u>Dismissal of the Appellant's Appeal is an Appropriate Remedy</u>.**

Furthermore, United States District Courts in the First Circuit and other circuits have repeatedly found that dismissal is an appropriate remedy when a party fails to adhere to procedural rules. *McKenna* 177 B.R. at 755; See *In re Har-Dway House Statuary, Inc.*, 76 F.R.D. 204 (D.C. Mo. 1977); *In re Soter*, 31 B.R. 986 (D.C. Vt.1983); *West v. Falconer*, 17 B.R. 929 (S.D.Ill. 1982), *Community Coalition for Media Change v. F.C.C.*, 646 F.2d 613 (D.C. 1980) (dismissal for failure to comply with the rules); *Hickman Garment Co. v. N.L.R.B.*, 497 F. 2d 1339 (6th Cir.1974) (dismissal for failure to file briefs); *Hawke v. McKee*, 391 F.2d 262 (5th Cir. 1968) (dismissal for failure to submit briefs); *Haken v. The Money Store*; 114 F. 3d 1169 (1st Cir. 1997) (district court did not abuse discretion in dismissing debtor's appeal for lack of prosecution when debtor failed to file a brief within Rule 8009's 15-day limit).

On occasion, Courts decline to employ dismissal as a remedy so as not to punish an individual for the inadvertence of counsel. However, this Court has utilized the dismissal remedy in a case factually identical to the one presented in this matter. In *McKenna v. U.S. Trustee*, 177 B.R. 755, 758-759 (D.R.I. 1994) Senior District Judge Raymond Pettine pointed out that the punitive effect of dismissal of the appeal would be felt by the appropriate individual since the appellant, Mr. McKenna, was an attorney representing himself and failed to adhere to the deadlines set forth in the procedural rules. citing *In re Hill*, 775 F. 2d 1385, 1387 (9th Cir. 1985). As in *McKenna*, the Appellant, Mr. Malinou, is representing himself herein and failed to follow the Federal Rules of Bankruptcy Procedure and any delay cannot be the result of a lack of understanding of the rules governing the appeal. It is clear that the time limits set by the Rules of Bankruptcy Procedure are intended to provide for an expeditious resolution of bankruptcy proceedings and should not be ignored. *In re Quevedo* 35 B.R. at 120.

**IV. CONCLUSION**

**WHEREFORE,** for the foregoing reasons, the Appellee respectfully prays that Seattle Saving's Motion to Dismiss be granted.

PLAINTIFF,
By its Attorneys,
SINAPI FORMISANO & COMPANY, LTD.

/s/ Peter J. Furness________
Peter J. Furness, Esq. (#3608)
100 Midway Place, Suite 1
Cranston, Rhode Island 02920-5707
(401) 944-9690
(401) 943-9040 (facsimile)

## CERTIFICATION

TO: Martin S.Malinou, Esq.
334 Smith Street
Providence, RI 02908

I hereby certify that on the 8th day of June, 2007, I caused the within Memorandum and accompanying Motion To Dismiss to be electronically filed with the Clerk of the U.S. District Court for the District of Rhode Island using the CM/ECF System. I also certify that the within Memorandum and accompanying Motion were this date mailed to Martin Malinou by first class mail, postage prepaid.

/s/ Peter J. Furness, Esq.