UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARTIN S. MALINOU,<br>Appellant,<br>-vs-<br><br>SEATTLE SAVINGS BANK,<br>and JOHN BOYAJIAN,<br>CHAPTER 13 TRUSTEE,<br>Appellees, | ) | Civil Docket No. 07-139-S |

On Appeal From United States Bankruptcy Court

**APPELLANT'S OBJECTION TO MOTION TO DISMISS BY SEATTLE SAVINGS BANK**

Appellant Martin S. Malinou objects to appellee Seattle Savings Bank's Motion to Dismiss this bankruptcy court appeal.

Seattle Savings Bank argues that appellant has not filed his brief on schedule.

Appellant's brief is not due to be filed until the record on appeal is settled by the bankruptcy court and the **complete** record transmitted to the district court. Appellant filed with the bankruptcy court APPELLANT'S MOTION TO SETTLE RECORD ON APPEAL and strike item #12 from appellee's designation. The motion was not docketed and not acted upon. The appellee Seattle Savings Bank filed its response in the bankruptcy court and therein admitted that item #12 documents were not part of the record of the bankruptcy court. However, appellee insisted it had a right to add to the record. APPELLEE'S RESPONSE TO APPELLANT'S MOTION TO SEATTLE RECORD ON APPEAL was not docketed in the bankruptcy court. Copies of the motion and the response are attached hereto.

Appellee is seeking to change the record on appeal by adding thereto a deposition, tax returns, and a real estate appraisal. Those documents were never received in evidence, offered in evidence, or marked for identification.

The instant record will not be complete until the bankruptcy court acts to settle the record and transmits its action to the district court. When the bankruptcy court settles and transmits the record the briefing times will start.

WHEREFORE, appellee's Motion To dismiss should be denied and the case remanded to the bankruptcy court with instructions to docket the appellant's MOTION TO SETTLE RECORD ON APPEAL, together with appellee's RESPONSE, and to act thereon and thereafter transmit the record of its action to the district court.

An evidentiary hearing is not requested. This Objection is accompanied by a memorandum of law and two (2) exhibits thereto: (1) Appellant's Motion To Settle Record On Appeal, and (2) Appellee's Response

/ s/ MARTIN S. MALINOU, Pro Se
Appellant
334 Smith Street
Providence, RI 02908
Telephone (410) 331-6554

June 15, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARTIN S. MALINOU,
Appellant,
-vs-

SEATTLE SAVINGS BANK,
and JOHN BOYAJIAN,
CHAPTER 13 TRUSTEE,
Appellees,

Civil Docket No. 07-139-S

On Appeal From United States Bankruptcy Court

**Memorandum in support of Appellant's Objection to Motion To Dismiss of Seattle Savings Bank**

Federal Rules of bankruptcy Procedure, Rule 8007(b) provides in part:

"(b) Duty of clerk to transmit copy of record; docketing of appeal

When the record is complete for purposes of appeal, the clerk shall transmit a copy thereof forthwith to the clerk of the district court..."

Rule 8007(b) is modeled after Rule 10 of the Federal Rules of Appellate Procedure. FRAP 10(e)(1) provides that "If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record confirmed accordingly." That sentence does not appear in Bankruptcy Rule 8007(b). However, there must be a mechanism for settling differences about the record for the purpose of appeal. FRAP Rule 10(e)(1) is the ligical place to look for that mechanism.

It was not folly that Appellee Seattle Savings Bank's appellate counsel designated item #12 and delivered copies of item #12 to the bankruptcy clerk for inclusion in the record. Confronted by a motion to settle the record, appellee's

counsel claims that he made reference to some of the item in bankruptcy court proceedings. He claims that reference makes the item available for inclusion in the record, although not the "official" record. Posh: He knows that his conduct was wrong.

On May 10, 2007, the appellant filed his Motion to settle the record with the clerk of the bankruptcy court. The case manager sought to docket the motion and submit the motion for consideration by the bankruptcy court after awaiting appellee's response. Supervisory personnel interfered with the plan of the case manager and sent the record to the district court on May 11, 2007. On Mary 15, 2007, appellee filed its response with the clerk of the bankruptcy court, and served a copy on appellant. It was not docketed in the bankruptcy court. (Copies of appellant's Motion and the appellee's Response are attached to the instant memorandum.

Appellee Seattle Savings Bank has cited case law to demonstrate the importance of deadlines in litigation. He has cited no case in point wherein a party appellant was faced with the need to remove extraneous items placed in a record.

The bankruptcy court supervisory personnel knew the record was not complete at the time of transmission on May 11, 2007. Supervisory personnel of that court showed some confusion about their duties. Instruction from this district court should be welcome.

WHEREFORE, appellee's Motion To dismiss should be denied and the case remanded to the bankruptcy court with instructions to docket the appellant's MOTION TO SETTLE RECORD ON APPEAL, together with appellee's RESPONSE, and to act thereon and thereafter transmit the record of its action to the district court.

An evidentiary hearing is not requested. This memorandum is accompanied by two (2) exhibits hereto: (1) Appellant's Motion To Settle Record On Appeal, and (2) Appellee's Response. Both documents were filed in the bankruptcy court.

Respectfully submitted,

/ s/ MARTIN S. MALINOU, Pro Se
Appellant
334 Smith Street
Providence, RI 02908
Telephone (410) 331-6554

June 15, 2007

# Exhibit 1

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

In Re

MARTIN S MALINOU,

Debtor.

BK No. 06-11456

APPELLANT'S MOTION TO SETTLE RECORD ON APPEAL and strike item #12 from appellee's designation

Debtor/Appellant Martin S Malinou moves this Court to settle the record of this Court to be transmitted to the United States District Court on his appeal from the Judgment Order (doc. 73 ) dismissing the case.

The appellee SEATTLE SAVINGS BANK has designated as its item 12: "Transcript of Deposition of Debtor conducted on February 20, 2007 and Exhibits 7,13,14 and 15 attached thereto" for inclusion in the record on appeal. The said transcript and exhibits are not part of the record of this Court. The said transcript and exhibits were never received in evidence, offered in evidence, or even marked for identification by this Court at the March 15,2007 hearing or any other hearing in this Court.

WHEREFORE, debtor/appellant requests this Court to enter an Order striking item #12 "Transcript of Deposition of Debtor conducted on February 20, 2007 and Exhibits 7, 13, 14 and 15 attached thereto" from the APPELLEE, SEATTLE SAVINGS BANK'S DESIGNATION OF THE RECORD ON APPEAL FROM JUDGMENT ORDER DATED 3/29/07 etc. (doc. 97 ).

Martin S Malinou (0557)
Debtor/Appellant
334 Smith Street
Providence RI 02908
Phone/Fax (401) 331-6554

May 10, 2007

## Response Time Statement

Within ten (10) days after service as evidenced by the certification (twenty (20) days for U.S. Government officers and agencies thereof), and an additional(3) three days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Bankruptcy Clerk's office, 380 Westminster Street, 6th Floor, Providence, RI 02903, (401) 626-3100 If no objection or other response is timely filed within the time allowed herein, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.

## Certificate of Service

I certify that on May 10, 2007, I mailed a copy of the foregoing APPELLANT'S MOTION TO SETTLE RECORD ON APPEAL to Peter J Furness, Esquire, attorney of record for appellee Seattle Savings Bank, at his usual office address, 100 Midway Place, Suite 1, Cranston, RI 02920, and to John Boyajian, Chapter 13 Trustee, 182 Waterman Street, Providence, RI 02906.

Martin S Malinou (0557)
Debtor/Appellant
334 Smith Street
Providence RI 02908
Phone/Fax (401) 331-6554

# Exhibit 2

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF RHODE ISLAND

IN RE: BK NO.: 06-11456

MARTIN S. MALINOU,
Debtor

**APPELLEE'S RESPONSE TO APPELLANT'S MOTION TO SETTLE RECORD ON APPEAL**

Now comes the Appellee, SEATTLE SAVINGS BANK, and files the within response to Appellant's Motion to Settle Record on Appeal and states the following:

1. Appellee designated for inclusion in the record on appeal to document number 73 and document number 71 its item 12 (transcripted deposition of Debtor/Appellant conducted on February 20, 2007 and exhibits 7, 13, 14, and 15 attached thereto).

2. The Appellant argues that the transcript and exhibits were not part of the official record of the Bankruptcy Court.

3. The Appellee admits that the transcripts and exhibits were not part of the "official record" of the Bankruptcy Court, however, the Appellee argues that the Debtor/Appellant was questioned and provided testimony about his deposition during the hearing of March 15, 2007. The March 15, 2007, transcript of hearing was designated by Appellant as part of the record on appeal and referred to the deposition transcript on pages 10 and 11.

WHEREFORE, the Appellee requests the Bankruptcy Court approve Appellee's designation of item 12 with attachments to be made part of the record on appeal and deny both Appellant's appeals filed with regard to document 71 and document 73.

Respectfully Submitted,

/s/ Peter J. Furness (#3608)
Peter J. Furness, Esquire (#3608)
Sinapi, Formisano & Company, LTD.
100 Midway Place, Suite 1
Cranston, RI 02920-5707
Telephone: 401-944-9690
Facsimile: 401-943-9040

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2007, I served a true copy of the within **APPELLEE'S RESPONSE TO APPELLANT'S MOTION TO SETTLE RECORD ON APPEAL** via email to:

John Boyajian john@bhrlaw.com, Martha@bhrlaw.com
Leonard DePasquale ustpregion01.pr.ecf@usdoj.gov

I further certify that on May 15, 2007, I served a true copy of the within **APPELLEE'S RESPONSE TO APPELLANT'S MOTION TO SETTLE RECORD ON APPEAL** via first class mail, postage prepaid, to the following:

Mr. Martin Malinou
334 Smith Street
Providence, RI 02908

/s/ Peter J. Furness (#3608)
Peter J. Furness, Esquire
**Sinapi, Formisano & Company, Ltd.**
100 Midway Place, Suite 1
Cranston, RI 02920-5707
telephone - 401-944-9690
facsimile - 401-943-9040