UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARTIN S. MALINOU,

Debtor-Appellant,

v.

SEATTLE SAVINGS BANK,

Appellee.

C.A. No. 07-140 S

MEMORANDUM AND ORDER

William E. Smith, United States District Judge.

Debtor-Appellant Martin S. Malinou ("Malinou") has appealed from orders of the bankruptcy court denying, with prejudice, confirmation of his Chapter 13 Plan, and dismissing his bankruptcy case.[1] Appellee Seattle Savings Bank ("Seattle") moves to dismiss for failure to comply with this Court's briefing schedule. See Fed. R. Bankr. P. 8009(a) (requiring appellant to file a brief within fifteen days after the entry of appeal on the docket). Malinou objects, claiming that "briefing times will start" only when the record is "complete" pursuant to Fed. R. Bankr. P. 8007(b) (requiring the bankruptcy clerk to transmit the record to the district court clerk when the "record is complete for the purposes of appeal"). According to Malinou, the record is not "complete"

[1] This action was originally two separate ones (Nos. 07-139 and 07-140); because they involve common questions of law and fact, and because both birds can be killed with one stone, they have been consolidation into Malinou v. Seattle Savings Bank, No. 07-140, pursuant to Fed. R. Civ. P. 42(a).

because it contains purportedly inappropriate evidence that the bankruptcy court should not have admitted.

As this writer understands it, the basis of Malinou's objection is wholly without merit. His position seems to be that the record is not complete because it is overly complete. He cites no authority for this strange interpretation of Rule 8007(b). It is therefore rejected. The fact remains that the record was transmitted to the district court, which ordered the parties to comply with the briefing schedule set forth in Rule 8009(a). To date, Malinou has not done so, nor has he requested an extension of time. Litigants cannot choose whether to comply with court orders based on their own whim and fancy. Seattle's Motion to Dismiss is GRANTED. See McKenna v. United States Trustee, 177 B.R. 755, 758 (D.R.I. 1994) (finding prejudice under similar circumstances, and dismissing the case).

It is so ordered.

/s/ William E. Smith
William E. Smith
United States District Judge

Date: August 10, 2007