UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARTIN S. MALINOU,<br>Appellant,<br>-vs-<br><br>SEATTLE SAVINGS BANK,<br>and JOHN BOYAJIAN,<br>CHAPTER 13 TRUSTEE,<br>Appellees, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Docket No. 07-139-S |

On Appeal From United States Bankruptcy Court

**Appellant's Motion For Rehearing**

Appellant Martin S. Malinou moves this district court for a rehearing on appellee's Motion To Dismiss (doc. #3), and to vacate the court's Amended Memorandum and Order (doc. #8) entered on August 10, 2007, together with the Judgment (doc. #7) entered August 10, 2007, dismissing the appeals in these consolidated cases 07-139 and 07-140.

The Amended Memorandum and Order (doc. #8) recites that appellant argues that the record on appeal "contains…evidence that the bankruptcy court should not have admitted". However, appellant made no such argument.

The district court overlooked the facts as set out in Appellant's Objection To Motion To Dismiss by Seattle Savings Bank (doc. #5),[1] and misinterpreted the argument made by appellant in his supporting Memorandum (doc. #5).

Appellant argued that the transmission from the bankruptcy clerk contains documents, which were never placed before the bankruptcy court, received in evidence, offered in evidence, or marked for identification as evidence. Appellant pointed out to this court that the appellee designated such documents for inclusion in the record (to which appellee admits) and furnished copies to the bankruptcy clerk. Appellant pointed out to this court that the bankruptcy clerk then sent those copies to this court (for inclusion in the record) merely because the appellee asked the bankruptcy clerk to do so. The bankruptcy clerk, with full knowledge that the documents were not exhibits in the case, sent the documents to this court, and refused to docket or schedule a hearing on appellant's motion to settle the record. Appellant argued that insofar as the bankruptcy court had not considered or ruled on the appellant's Motion To Settle The Record, the bankruptcy court record is not complete. The facts were overlooked by this court.[2]

WHEREFORE, a rehearing of appellee's motion to dismiss and appellant's objection thereto should be granted, the motion to dismiss should be denied, the Amended Memorandum and Order, together with the Judgment, vacated, and the cases remanded to the bankruptcy court with

---

[1] The Objection was accompanied by a memorandum of law and two (2) exhibits thereto: (1) Appellant's Motion To Settle Record On Appeal, and (2) Appellee's Response.

[2] The overlooked facts include: Appellant filed with the bankruptcy court APPELLANT'S MOTION TO SETTLE RECORD ON APPEAL and strike item #12 from appellee's designation. The motion was not docketed and not acted upon. The appellee Seattle Savings Bank filed its response in the bankruptcy court and therein admitted that item #12 documents were not part of the "official" record of the bankruptcy court. However, appellee insisted it had a right to add to the record. APPELLEE'S RESPONSE TO APPELLANT'S MOTION TO SETTLE RECORD ON APPEAL was not docketed in the bankruptcy court, although it was filed in the bankruptcy court

instructions to docket the appellant's motion to settle record on appeal, together with appellee's Response, and act thereon and thereafter transmit the full record of is action to the district court.

/s/ Martin S. Malinou
MARTIN S. MALINOU, Pro Se
Appellant
334 Smith Street
Providence, RI 02908
Telephone (410) 331-6554
Fax (401) 331-6554

August 17, 2007

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARTIN S. MALINOU,<br>Appellant,<br>-vs-<br><br>SEATTLE SAVINGS BANK,<br>and JOHN BOYAJIAN,<br>CHAPTER 13 TRUSTEE,<br>Appellees, | ) | Civil Docket No. 07-139-S |

On Appeal From United States Bankruptcy Court

**Memorandum In Support of Appellant's Motion For Rehearing**

The orderly progress of these cases requires that the bankruptcy court must rule on the appellant's motion to settle the record on appeal. Only then can the record for this appeal be complete. Only when the record is complete and transmitted does the briefing period start to run.

Appellant moves the district court for a rehearing of the court's action dismissing the consolidated cases on August 10, 2007. This court reasoned that the record on appeal was complete. But to be complete means no matter was left pending before the bankruptcy court. Appellant's Motion to Settle Record On Appeal (See doc. #5, Exhibit #1) was pending in the bankruptcy court.

The request is based on Bankruptcy Rule 8015 "Motion for Rehearing" which provides as follows:

> "Unless the district court or the bankruptcy appellate panel by local rule or by court order otherwise provides, a motion for rehearing may be filed within 10 days after entry of the judgment of the district court or the bankruptcy appellate panel. If a timely motion for rehearing is filed, the time for appeal to the court of appeals for all parties shall run from the entry of the order denying rehearing or the entry of a subsequent judgment."

Rehearing is requested because the district court overlooked the basic facts set out in appellant's Objection To Motion To Dismiss By Seattle Savings Bank (doc. 5), and misinterpreted the argument made in the Memorandum In Support Of Appellant's Objection To Dismiss By Seattle Savings Bank (doc. 5).

The district court has overlooked the fact that documents (not admitted in evidence, not offered in evidence, and not marked for identification) were nonetheless sent to the district court as part of the appeal record only because the appellee provided them to the bankruptcy clerk with its designation, and not because those documents were part of the record.

Material never officially offered into evidence is not part of the record on appeal. See, Moore's Federal Practice 3D, Sec. 310.10(5)(a). See also, Dakota Indus., Inc. v. Dakota Sportswear Ins., 988 F. 2d 61, (8th Cir. 1993)(generally, evidence not contained in record is not reviewable).

Appellee has admitted that the documents in question were never part of the official bankruptcy court record. (See, Exhibit #2 of Memorandum and support of Appellant's Objection to Motion To dismiss of Seattle Savings Bank (doc. 5). Exhibit #2 is entitled APPELLEE'S RESPONSE TO

APPELLANT'S MOTION TO SETTLE RECORD ON APPEAL and was filed in the bankruptcy court.

Appellant points out that the bankruptcy court did not consider the aforementioned unadmitted, unmarked and unoffered documents in reaching a decision.

Respectfully submitted,

/s/ Martin S. Malinou

MARTIN S. MALINOU, Pro Se
Appellant
334 Smith Street
Providence, RI 02908
Telephone (410) 331-6554
Fax (401) 331-6554

August 17, 2007