**UNITED STATES DISTRICT COURT**
**FOR DISTRICT OF RHODE ISLAND**

MARTIN S. MALINOU,

Appellant,

vs.

SEATTLE SAVINGS BANK, and
JOHN BOYAJIAN,
CHAPTER 13 TRUSTEE,

Appellees

Consolidated Civil Docket Nos.
07-139-S; 07-140-S

**APPELLEE, SEATTLE SAVINGS BANK'S DESIGNATION OF THE RECORD ON APPEAL FROM ORDER DATED 8/10/07; JUDGMENT DATED 8/10/07; AND TEXT ORDER DATED 9/06/07**

Now comes the Appellee, Seattle Savings Bank ("Seattle") and hereby designates the following parts of the record for inclusion in the record for appeal:

1. United States Bankruptcy Court for the District of Rhode Island, Docket for Chapter 13 Case No. 00-13306, Etta E. Malinou, Debtor, filed September 25, 2000;

2. United States Bankruptcy Court for the District of Rhode Island, Docket for Chapter 13 Case No. 03-13552, Martin S. Malinou, Debtor, filed October 10, 2003;

3. Order of the United States Bankruptcy Court for the District of Rhode Island Dismissing Case No. 03-13552, entered March 19, 2004;

4. Unites States Bankruptcy Court for the District of Rhode Island, Docket for Chapter 13 Case No. 05-10618, Martin S. Malinou, Debtor, filed March 2, 2005;

5. Order of the United States Bankruptcy Court for the District of Rhode Island Dismissing, with prejudice, Case No. 05-10618, entered October 28, 2005;

6. Providence County Superior Court, C.A. No. 06-0193, Judgment, dated April 5, 2006, by Savage, J. and attached Transcript of Hearing held on March 27, 2006;

7. Providence County Superior Court, C.A. No. 06-6376, Transcript of Hearing before Associate Justice Fortunato, J. of hearing held on December 8, 2006, denying Debtor's request for Temporary Restraining Order;

8. Transcript of Hearing before Honorable Arthur N. Votolato, United States Bankruptcy Judge, Bk. No. 06-11456, which occurred on December 13, 2006;

9. Order granting Seattle's Motion for Relief from Stay in Bankruptcy Case No. 06-11456, entered December 15, 2006;

10. Memorandum and Order dated March 27, 2007, Smith J. affirming the Order of the Bankruptcy Court entered on December 15, 2006, granting Seattle Relief from Stay;

11. United States Bankruptcy Court for the District of Rhode Island, Docket for Case No. 06-11456;

12. Transcript of Deposition of Debtor conducted on February 20, 2007, and Exhibits 7, 13, 14 and 15 attached thereto as Debtor/Appellant was questioned and provided testimony about his deposition during the bankruptcy court hearing on March 15, 2007. The March 15, 2007 transcript of hearing was designated by Appellant as part of the record on appeal and the hearing transcript refers to the deposition transcript at pages 10 and 11.

**RESPONSE TO DEBTOR'S ISSUES OF APPEAL**

1. In response to Appellant's Issue No. 1, Seattle argues that the District Court did not err in dismissing Appellant's consolidated appeals from the Bankruptcy Court Judgments.

2. In response to Appellant's Issue No. 2, Seattle argues that the Bankruptcy Court record was overly complete as certified to the District Court on or about May 12, 2007.

3. In response to Appellant's Issue No. 3, Seattle argues that District Court did not err when it denied Appellant's Motion for Rehearing of its Order in consolidated cases dismissing Appellant's appeals from the Bankruptcy Court Order and Judgments entered March 29, 2007.

4. In response to Appellant's Issue No. 4, Seattle argues that the District Court should not remand the consolidated cases to the Bankruptcy Court, with instructions to hear and decide Appellant's Motion to Settle the Record, as the record was overly complete for the purposes of the appeal and the Appellant failed to comply with the District Court's briefing schedule.

5. In response to Appellant's Issue No. 5, Seattle argues that the record was overly complete and the record was transmitted to District Court, which ordered the parties to comply with the briefing schedule and Appellant failed to comply with the schedule and Seattle's Motion to Dismiss was properly granted and Appellant's Motion for Reconsideration properly denied.

6. In response to Appellant's Issue No. 6, Seattle argues that the record was overly complete.

7. In response to Appellant's Issue No. 7, Seattle argues that the record was overly complete and Appellant failed to comply with the briefing schedule set forth in Rule 8009(a).

8. In response to Appellant's Issue No. 8, the Bankruptcy Court did not err by requiring Appellant to file separate notices of appeal from two Judgments entered on March 29, 2007.

9. In response to Appellant's Issue No. 9, Seattle argues that 07-139-S and 07-140-S are consolidated cases, consolidated by the direction of the District Court pursuant to Fed.R.Civ.P. 42(a).

10. In response to Appellant's Issue No. 10, Seattle argues that the overly complete record was transmitted to the District Court, the District Court ordered the parties to comply with the briefing schedule set forth in Rule 8009(a), Malinou failed to comply with the time schedule, nor did he seek an extension of time, therefore, Seattle's Motion to Dismiss was properly granted.

11. In response to Appellant's Issue No. 11, Seattle argues that parties cannot choose whether or not to comply with Court orders. An overly complete record was transmitted to the District Court, a briefing schedule was set by the District Court, Malinou failed to comply with same and Seattle's Motion to Dismiss was properly granted and Malinou's Motion for Reconsideration was properly denied.

12. In response to Appellant's Issue No. 12, Seattle incorporates all of its responses to its Designation of the Record on Appeal from Judgment Order dated March 29, 2007 (Doc. 73) Dismissing Case and Response to Appellant's Issues Statement. Seattle also argues that Appellant missed the opportunity to brief these issues before the District Court by failing to comply with the briefing schedule and should not be allowed to do so now.

Respectfully Submitted,

SEATTLE SAVINGS BANK
By its attorneys,

DATE: October 1, 2007

/s/ Lauren F. Verni
Benjamin M. Scungio (#2902)
Lauren F. Verni (#6831)
Brennan, Recupero, Cascione, Scungio & McAllister
362 Broadway
Providence, RI 02909
453-2300
Fax: 453-2345

Peter J. Furness, Esq. (#3608)
Sinapi, Formisano & Company, LTD.
100 Midway Place, Suite 1,
Cranston, RI 02920

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the within has been filed electronically and that it is available for viewing and downloading from the ECF system and was sent via electronic mail to the following on this the 1st day of October, 2007:

**Martin S. Malinou**
334 Smith Street
Providence, RI 02908
401-331-6554
Fax: 401-331-6554
Email: **mmalinou@net1plus.com**

| | |
|---|---|
| **John Boyajian** | johnbhrlaw.com, Martha@bhrlaw.com |
| **Leonard DePasquale** | ustpregion01.pr.ecf@usdoj.gov |

Manual Notice List – Parties in the case only

The following is the list of parties who are not on the list to receive e-mail notice/service for this case (who therefore require manual noticing/service).

/s/ Lauren F. Verni